UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMMERCE WEST INSURANCE COMPANY,

    Plaintiff,

v.

ANDREY LITVINCHUK,

    Defendant.

Case No. 18-CV-1738-RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment." Dkt. #14. For the following reasons, plaintiff's motion is GRANTED.

## **INTRODUCTION**

Defendant Andrey Litvinchuk is an insured of plaintiff Commerce West Insurance Company ("CWIC"). Dkt. #1 at ¶ 3. On September 20, 2016, defendant was involved in an automobile accident in Seattle, Washington. Id. at ¶ 12. At the time of the accident, defendant was driving a 2015 Mercedes Sprinter. Id. Christopher Sharkey, the driver of another vehicle involved in the accident, filed a lawsuit in King County Superior Court against Litvinchuk and the State of Washington in January 2018. Christopher Sharkey and Katharine Sharkey v. State of Washington and Andrey Litvincuk, Case No. 18-2-00347-4-SEA (the "Underlying Lawsuit"); Ex. A, Dkt. #15-1 at 1–6. Sharkey alleges that Litvinchuk negligently operated the Mercedes and seeks damages for personal injuries arising from the accident. Dkt. #1 at ¶ 14–15. In June 2018, CWIC agreed to defend Litvinchuk in that lawsuit subject to a reservation of rights. Id. at ¶ 17. CWIC now seeks a declaratory judgment that it has no duty to defend or indemnify Litvinchuk in the Underlying Lawsuit. Id. at ¶ 30.

Defendant's auto insurance policy with CWIC identifies only a 2009 Acura TSX and a 2009 GMC Yukon as covered automobiles. Id. at ¶ 10. The policy expressly excludes coverage

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

for the ownership, maintenance, or use of any vehicle that is not an identified covered automobile and is owned by the insured or furnished or available for the insured's regular use. Ex. B, Dkt. #15-1 at 15 (Exclusion (B)(2)). The 2015 Mercedes Sprinter was purchased and owned by defendant's corporation, New Renaissance, Inc., and defendant regularly uses it for his work. Dkt. #1 at ¶ 20; Ex. C, Dkt. #15-1 at 35:16-25. The Mercedes is separately insured by National General Insurance Company, and that insurer is also defending Litvinchuk in the Underlying Lawsuit. Dkt. #14 at 4; Ex. C, Dkt. #15-1 at 32:14-23. Plaintiff's motion for summary judgment is unopposed.[1]

## **DISCUSSION**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To determine whether an issue of material fact exists, the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citing Lytle v. Household Mfg., Inc., 494 U.S. 545, 554–55 (1990)). A court considering an unopposed summary judgment motion may treat assertions of fact from the moving party as undisputed. Fed. R. Civ. P. 56(e)(2).

In Washington, the interpretation of an insurance policy is a question of law. Pub. Util. Dist. No. 1 v. Int'l Ins. Co., 124 Wn.2d 789, 881 (1994). The Court must consider the entire policy and apply a "fair, reasonable, and sensible construction as would be given by the

---

[1] Defendant had ample opportunity to respond to this motion. Plaintiff originally filed the motion on January 31, 2019 but withdrew it on March 5, 2019 after underlying plaintiff's counsel requested an opportunity to review the issues raised. See Dkt. #13. After underlying plaintiff's counsel decided not to intervene or oppose the motion, plaintiff refiled. See Dkt. #14 at n.1.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

average person purchasing insurance." <u>Overton v. Consol. Ins. Co.</u>, 145 Wn.2d 417, 424 (2002) (quoting <u>Sears v. Grange Ins. Ass'n</u>, 111 Wn.2d 636, 638 (1988)). If the policy language is clear and unambiguous, the Court must enforce it as written and may not modify it or create ambiguity where none exists. <u>Quadrant Corp. v. Am. States. Ins. Co.</u>, 154 Wn.2d 165, 171 (2005). If an ambiguity exists, it will be resolved in favor of the insured. <u>Id.</u>

An insurance company's duty to indemnify is determined by the insured's "actual liability to the claimant and actual coverage under the policy." <u>Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.</u>, 39 F.Supp.3d 1149, 1156 (W.D. Wash. 2014) (internal quotation marks omitted) (quoting <u>Hayden v. Mut. of Enumclaw Ins. Co.</u>, 141 Wash.2d 55, 64 (2000) (en banc)). To avoid coverage, an insurer must show that the loss is "excluded by specific policy language." <u>W. Heritage Ins. Co. v. Rodriguez</u>, No. C12-5758 RBL, 2014 WL 4085073, at *3 (W.D. Wash. Aug. 11, 2014) (citing <u>McDonald v. State Farm Fire & Cas. Co.</u>, 119 Wash.2d 724, 728, 837 (1992)). The duty to defend is based on the insured's potential, rather than actual, liability. <u>State Farm Fire & Cas. Co. v. El-Moslimany</u>, 178 F.Supp.3d 1048, 1054 (W.D. Wash. 2016). The Court must assess whether the complaint, construed liberally, alleges facts that may "impose liability upon the insured within the policy's coverage." <u>W. Heritage Ins. Co.</u>, 2014 WL 4085073, at *3 (citing <u>Truck Ins. Exch. v. VanPort Homes</u>, 147 Wash.2d 751 (2002)). If the claims are clearly outside the policy's coverage, the insurer is relieved of its duty to defend. <u>Id.</u>

Here, it is undisputed that the Underlying Lawsuit does not involve any vehicle covered under defendant's CWIC policy. The 2015 Mercedes Sprinter is not a covered auto under the policy and is expressly excluded by the policy language. Ex. B, Dkt. #15-1 at 9, 15. Pursuant to exclusion (B)(2), defendant's policy excludes liability coverage for "any vehicle" owned by the insured or "[f]urnished or available for [insured's] regular use." <u>Id.</u> at 15. Defendant's corporation owned the Mercedes, and defendant confirmed that he used it "regularly for work purposes." Ex. C, Dkt. #15-1 at 35:16-25. Defendant acknowledged that his covered autos were in working condition at the time of the accident, and the Mercedes was not being used as a substitute for either of those vehicles. <u>See</u> Ex. B, Dkt. #15-1 at 12, 25–26; Ex. C, Dkt. #15-1

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

at 25:25 to 26:1-5, 35:16-25. The Mercedes is not covered under the policy as a "newly acquired auto" because it was purchased before the CWIC policy period began and is separately insured. Dkt. #14 at 7. Accordingly, the Mercedes falls within the exclusion and is not covered by defendant's CWIC policy. The complaint does not allege any possible claims arising out of defendant's coverage under his CWIC policy.

## **CONCLUSION**

For all the foregoing reasons, Commerce West Insurance Company's unopposed motion for summary judgment is GRANTED. The Court hereby DECLARES that Commerce West Insurance Company has no duty to defend or indemnify Litvinchuk in the Underlying Lawsuit.

DATED this 24th day of May, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge